# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **SANKET GHANSHYAM PATEL,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:22CV00003 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **DALLAS R. SHUMATE, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Robert M. Galumbeck,* GALUMBECK, STILTNER & GILLESPIE, *Tazewell, Virginia, for Plaintiff; W. Bradford Stallard,* PENNSTUART, *Abingdon, Virginia, for Defendant Dallas R. Shumate.*

The present question in this action under 42 U.S.C. § 1983 is whether the defendant police officer is entitled to summary judgment on a claim that he used excessive force in his arrest of the plaintiff. While the arrest was captured in part by videos, I find that the present evidence is sufficiently ambiguous so as to require a jury to determine the facts. However, I will grant summary judgment for the defendant on the plaintiff's claims of arrest without probable cause and malicious prosecution.[1]

---

[1] While the defendant in his Answer asserted the affirmative defense of qualified immunity, he has not argued that issue in his present summary judgment papers. Accordingly, he has waived the defense of qualified immunity at this stage, and I have not considered it. *See Sales v. Grant,* 224 F.3d 293, 296–97 (4th Cir. 2000) (holding that where "a defendant only cursorily references qualified immunity in his answer to a section 1983 complaint, and thereafter fails to mention, let alone seriously press, his assertion of that affirmative defense," it is waived.

I.

The undisputed facts and the disputed facts viewed in the light most favorable to the plaintiff are as follows. The facts are taken from the summary judgment record.

On May 23, 2020, officers from the Wytheville Police Department, including Corporal Bryan S. Bard, Officer Nathan Miller, and Officer Dallas R. Shumate, the sole remaining defendant,[2] responded to a call from guests at a hotel in Wytheville, Virginia, co-owned and managed by the plaintiff, Sanket Ghanshyam Patel. The guests reported that they caught a hotel employee rummaging through their bag when they returned to their room and twenty dollars was missing. After the officers spoke to the guests, Patel met them in the parking lot. Patel contends that he was calm. Patel told the officers that the housekeeper was trustworthy and that they should not be pursuing a claim for twenty dollars. He questioned the officers about not responding to his calls for assistance at the hotel in the past. He claimed that he had had guests who vandalized the premises or failed to pay for their lodging and that he could not get police help in those situations. Patel, who is of South Asian descent, asked if the officers did not respond to his calls because of racial bias. Patel informed the officers that the accused employee had denied stealing the money and

---

[2] The court previously dismissed as defendants the Town of Wytheville, Virginia, and the Wytheville Police Department. Order, ECF No. 28 (Nov. 29, 2022).

was coming to meet them, but that he would need an interpreter because the employee did not speak English.

When the employee, named Danny, arrived, Bard, the senior police officer present, began questioning him. Danny denied he had taken the money. Patel interrupted the questioning, repeating his comments about his various complaints that the police had ignored prior cases in which the hotel was the victim and asking if this was "a racial profiling thing." Mem. Supp. Mot. Summ J. 3, ECF No. 44. Bard informed Patel that they were not there to address his complaints; they were investigating the alleged theft. Patel raised his voice and failed to comply with Bard's several directions to stop interrupting the questioning. Patel gestured with his hands, said he was "not an idiot," and insisted that Bard listen to him. *Id*. Defendant Shumate was standing nearby and feeling that Patel was a threat, moved toward Patel, and extended his arm in Patel's direction. Patel raised his arm in response, meeting Shumate's hand. Patel shouted, "Don't touch me." *Id*. at 5. Shumate said, "He touched me. That's a battery charge." *Id*. at 6. Shumate wrapped his arms around Patel, and both fell to the ground.

While on the ground, Patel resisted Shumate's attempts to handcuff him. Patel repeatedly stated that Shumate had touched him. Bard told Patel that he could not touch a police officer, and he threatened to use a taser if Patel did not comply. Patel then apologized and asked the officers to let him go. The officers refused,

handcuffed him, and then stood him up. Patel had abrasions on his elbow and knee, which were treated by paramedics on the scene. He also claims he suffered back pain, swollen feet, and emotional trauma.

Patel later appeared before a state magistrate who issued warrants for felony charges of assault and battery of a police officer and attempting to impede a police officer in performance of his duties. He also issued a misdemeanor warrant for disorderly conduct. Later Patel appeared before the General District Court of Wythe County and after a hearing, that court certified to the grand jury the felony charge of assault and battery of a police officer. The Wythe County grand jury subsequently indicted Patel on that charge. Shumate did not testify or give evidence before the grand jury.

Thereafter, the Indictment against Patel was dismissed.

Both parties have submitted videos of the incident. Patel has submitted hotel security camera video footage, and Shumate has submitted videos from the officers' body-worn cameras (bodycams). The hotel security camera video does not include audio, but it captured the entire incident from a distance. The officers' bodycam videos included sound and parts of the incident. None of these videos captured the entire incident, and the bodycam video from Shumate is upside down and does not show what happened immediately before he took Patel to the ground, since Shumate turned his camera off before interacting with Patel. Bard's bodycam malfunctioned

during the physical interaction between Shumate and Patel.  Miller's video captured the audio of Patel telling someone who is not seen on screen to not touch him, but it does not show what precipitated those words.  Immediately after Patel spoke, Miller's video showed Shumate taking Patel down to the ground.  A still image from Bard's bodycam video showed Shumate's outstretched hand over Patel's bent arm.

## II.

Summary judgment is proper under Rule 56(a) if there is no genuine dispute as to material facts, and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013).[3]  A fact is material if "its existence or non-existence could result in a different jury verdict."  *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001).  "Factual disputes that are irrelevant or unnecessary will not be counted."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the burden of demonstrating there are no genuine issues of material fact.  *Celotex Corp. v. Catrett ex rel. Catrett*, 477 U.S. 317, 323 (1986).  The nonmoving party must rely upon more than the mere scintilla of evidence, speculation, conclusory allegations, or inferences based upon

---

[3] I have omitted internal quotation marks, citations, and alterations here and throughout this opinion unless otherwise noted.

other inferences. *Johnson v. United Parcel Serv., Inc.,* 839 F. App'x 781, 783 (4th Cir. 2021) (unpublished). Determinations of credibility and drawing inferences from the facts are jury functions. *Anderson*, 477 U.S. at 255.

### III.

As to the claim of excessive force, it is established that the Fourth Amendment's prohibition on unreasonable seizures bars police officers from "using excessive force to seize a free citizen." *Jones v. Buchanan*, 325 F.3d 520, 527 (4th Cir. 2003). Whether an officer used excessive force is based on an "objective reasonableness" standard. *Id.* The court's focus is "on the moment that force was employed," *Thomas v. Holly*, 533 F. App'x 208, 219 (4th Cir. 2013) (unpublished), and I must "consider the facts from the perspective of a reasonable officer on the scene," without "judging the officer's conduct with the '20/20 vision of hindsight.'" *Jones*, 325 F.3d. at 527 (quoting *Graham v. Connor*, 490 U.S. 386, 396–97 (1989)). Disregarding the officer's intent or motive, the court asks "whether a reasonable officer in the same circumstances would have concluded that at threat existed justifying the particular use of force." *Hupp v. Cook*, 931 F.3d 307, 321–22 (4th Cir. 2019). Those circumstances include, among other things, "whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest." *Graham*, 490 U.S. at 396.

Shumate, citing *Witt v. West Virginia State Police, Troop 2*, 633 F. 3d 272, 276 (4th Cir. 2011), has moved for summary judgment. He argues that the nonmoving party's version of events must be accepted as true at the summary judgment stage except when a video clearly contradicts a plaintiff's testimony so that a reasonable jury could not believe the plaintiff's account. *Id.* at 276–77. Shumate contends that he is entitled to summary judgment on the claim for excessive force based on the videos, and on Bard's and Shumate's declarations describing the incident.

In *Witt*, the Fourth Circuit reiterated what it described as "the unremarkable principle that at the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party" unless "documentary evidence 'blatantly contradict[s]' a plaintiff's account so that no reasonable jury could believe it.'" *Witt*, 633 F.3d at 276–77. For the moving party to succeed, the documentary evidence should show that the nonmoving party's account is not merely unlikely, but demonstrably false. *Id.* at 277.

I find that material facts are genuinely contested here, and the video evidence is ambiguous. Both parties have submitted inconclusive videos of the incident. The video footage does not necessarily disprove an immediate threat to the officers, nor does it wholly discredit Patel. Because the videos are inconclusive, they are not sufficient to discredit Patel's account for purposes of summary judgment or to

resolve the genuine issues of material fact. *Aleman v. City of Charlotte*, No. 21-2223, 2023 WL 5257679, at *23 (4th Cir. Aug. 16, 2023) (finding video footage of a police shooting ambiguous and that it provided only "some support" and did not compel an award of summary judgment); *Skeen v. Washington Cnty. Sheriff's Off.*, No. 1:20CV00017, 2022 WL 1299960, at *3 (W.D. Va. 2022) (finding plaintiff's video evidence and still images inconclusive).

Patel also asserts a state-law battery claim under the court's pendant jurisdiction. Under Virginia law, an officer using reasonable force does not commit an actionable tort of battery. *See Gnadt v. Commonwealth*, 497 S.E.2d 887, 888 (Va. Ct. App. 1998) (noting that "[a]n unlawful arrest or an arrest utilizing excessive force is a battery because that touching is not justified or excused and therefore is unlawful").

Because a jury must determine the facts surrounding the interaction between Patel and Shumate, summary judgment is denied on both the Fourth Amendment claim of excessive force and the claim of battery.

## IV.

Finally, Patel asserts Fourth Amendment claims based on alleged false arrest and malicious prosecution, as well as a state-law tort claim of malicious prosecution. However, such claims are precluded by the fact that the indictment of Patel established probable cause. *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012).

Even in the absence of clear Virginia authority as to the effect of an indictment on claims of lack of probable cause and malicious prosecution, *Westreich v. McFarland*, 429 F.2d 947, 949 (4th Cir. 1970), the burden of proof is always on the plaintiff to show lack of probable cause, and he has not done so here. *BLM of Shenandoah Valley, LLC, v. Augusta Cnty.,* No. 5:21-cv-00060, 2023 WL 2505493, at *11 (W.D. Va. Mar. 14, 2023).

Moreover, there is no evidence that the grand jury that indicted Patel was improperly constituted or that Shuman "deliberately supplied misleading information that influenced the decision." *Durham,* 690 F.3d at 189. While Patel's counsel argues that "there is a genuine question of facts as to the truthfulness of the testimony used to gain probable cause," Mem. Supp. Mot. Opp'n 15, ECF No. 48, other than counsel's conclusory statement, there is no proof of any such evidence having been presented to the grand jury, or of undue pressure applied to the prosecutor to seek to indict.

Accordingly, summary judgment is granted to the defendant on the claims of arrest without probable cause and malicious prosecution under the Fourth Amendment and the claim of malicious prosecution under Virginia law.

V.

It is **ORDERED** that the defendant's Motion for Summary Judgment, ECF No. 43, is DENIED in part and GRANTED in part.

ENTER: September 7, 2023

/s/  JAMES P. JONES
Senior United States District Judge